IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARK KING                                                                                          PLAINTIFF

v.                                                                                          No. 4:04CV338-D-A

WARDEN EARNEST LEE                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Mark King, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that the defendants confiscated his television set and issued him a rule violation report for possession of unauthorized property, thus depriving him of his property without due process of law. The plaintiff seeks the following relief:

1.      That the court find $2,500.00 in compensatory damages against each defendant for mental anguish,

2.      That the court order the defendants to remove the rule violation report from the plaintiff's institutional file,

3.      That the court issue a preliminary injunction[1] prohibiting the defendants from retaliating against the plaintiff for having filed suit in this case,

4.      That the court order the replacement of the plaintiff's television with one permitted under Mississippi State Penitentiary rules,

---

[1]The plaintiff named the form of injunctive relief he seeks – an order prohibiting the defendants not to retaliate against him – a "temporary restraining order." However, the relief he seeks would extend beyond the ten-day limit of such an order; as such, the relief is more accurately characterized as a preliminary injunction. FED. R. CIV. P. 65(b).

5. That the court order Ethel Carlize to pay $5,000.00 in punitive damages for finding the plaintiff guilty of the rule infraction based solely upon a staff report.

First, the court finds that the plaintiff is not entitled to money damages for mental or emotional injury because he has alleged no physical injury. As such, even if he should prevail, the only relief available to him would be injunctive relief. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). The plaintiff has not, however, pled facts to support the preliminary injunction he seeks. A movant for a preliminary injunction must demonstrate: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 418-20 (5th Cir.2001). A preliminary injunction "is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir.1976).

The plaintiff has not alleged any facts showing he would face irreparable harm without the preliminary injunction he seeks (one prohibiting retaliation); nor has he alleged facts to show that the request for a preliminary injunction has a substantial likelihood of success on the merits. As such, the request for a preliminary injunction must be denied.

Finally, the papers the plaintiff submitted with the instant complaint make clear that the plaintiff had notice and an opportunity to be heard at a hearing on the matter of the confiscation of his television set. In other words, the plaintiff has already enjoyed the process due him in this matter. As such, the plaintiff's claim that his television was confiscated without due process must fail.

In sum, all of the plaintiff's claims are without merit, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of March, 2007.

/s/ Glen H. Davidson
CHIEF JUDGE